**WOODDALE, INC., Plaintiff,**

v.

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Defendant.**

v.

**Wendell L. CALDBECK, Third-Party Defendant.**

Civ. No. 6–1691–C–1.

United States District Court
S. D. Iowa,
Central Division.

Feb. 9, 1966.

Ronald D. Olson, Minneapolis, Minn., John R. Mackaman, Des Moines, Iowa, for plaintiff.

Paul Ahlers, Des Moines, Iowa, for defendant.

Freeman H. Forrest, Des Moines, Iowa, for third-party defendant.

STEPHENSON, Chief Judge.

1. This is an action on a fidelity bond. Jurisdiction is founded upon diversity. The cause was originally commenced by plaintiff in the United States District Court, District of Minnesota, Fourth Division. Upon motion of defendant it was transferred to this court pursuant to 28 U.S.C. § 1404(a). The case was tried to the Court without a jury. Plaintiff originally sought judgment against defendant in the sum of $15,613.55. By amendment to conform to proof at the close of its case, plaintiff sought judgment in the amount of $21,735.44. After transfer here, defendant filed third party complaint seeking judgment over against third party defendant, Wendell L. Caldbeck (Caldbeck) for any sums that might be recovered against it in the original action.

2. Plaintiff, Wooddale, Inc., is an Iowa Corporation, and successor in interest to Caldbeck, Inc. (plaintiff will hereinafter be referred to as Caldbeck, Inc.). Defendant, Fidelity and Deposit Company of Maryland (the bonding company) is a Maryland Corporation authorized to transact a general surety business in the states of Minnesota and Iowa. Plaintiff charges that Wendell L. Caldbeck (Caldbeck), while president of Caldbeck, Inc., wrongfully, fraudulently and dishonestly took, withheld and appropriated to his own use, certain funds belonging to Caldbeck, Inc., and therefore seeks judgment against defendant on the fidelity bond issued by defendant. Defendant denies any liability under said bond. Third party defendant, Wendell L. Caldbeck (Caldbeck) denies there was any embezzlement of funds as alleged and further claims there was an accord and satisfaction between Caldbeck, Inc. and Caldbeck.[1] A brief history of the transactions between the parties is essential to a proper disposal of the issues.

3. In 1959 Caldbeck, doing business as Caldbeck Construction Company (hereinafter referred to as Caldbeck Construction) an individual proprietorship, doing business in the Des Moines, Iowa area, was having difficulty securing performance bonds in connection with contracts on which he desired to bid. Caldbeck's financial situation was such that bonding companies would not furnish his company performance bonds unless additional financial backing was procured. Certain of Caldbeck's creditors[2] arranged for Caldbeck to meet with one Frederick O. Watson (Watson), president and owner of Fred O. Watson Company (Watson

---

1. Defendant also joins in these contentions.

2. J. Gordon Campbell and Robert L. Maddox.

Co.), a construction company, doing business in Minneapolis, Minnesota. As a result of this meeting an arrangement was made whereby Watson Co. would sign with Caldbeck on applications for performance bonds. The greater financial resources of Watson Co. enabled Caldbeck Construction to secure performance bonds. For this service Caldbeck paid Watson Co. three eighths of the gross profit on Caldbeck's bonded contracts.[3] This arrangement continued until April 1961, when at the request of Watson, Caldbeck, Inc. was formed. Watson was concerned about Caldbeck's financial situation and did not want Watson Co. to become too deeply involved, and therefore insisted that Caldbeck, Inc. be formed.

4. The stock in Caldbeck, Inc. was issued: 750 shares to Watson; 250 shares divided between J. Gordon Campbell and Robert L. Maddox.[4] Shortly after its formation the directors were: Watson, Campbell and Maddox. Caldbeck was designated president, although he owned no stock in said corporation. Campbell was designated vice-president and Watson was designated secretary-treasurer. A written agreement [5] was immediately entered into between Caldbeck, Inc. and Caldbeck Construction, designated as the subcontractor, whereby it was provided that the corporation, Caldbeck, Inc., would submit the bids for construction work and that all construction work obtained by Caldbeck, Inc. "will in turn be awarded by the corporation to the subcontractor * * *." Thus Caldbeck, Inc. existed for the sole purpose of submitting bids. Watson Co. co-signed applications of Caldbeck, Inc. for performance bonds on bonded jobs. However, instead of paying Watson Co. directly for this service, Caldbeck, Inc. retained the same percentage of profit, three eighths,

and Caldbeck Construction received five-eighths.[6] In summary, the bids were prepared by Caldbeck Construction, but the bids were submitted by Caldbeck, Inc., and if the bids were successful, the construction jobs were immediately awarded by Caldbeck, Inc. to subcontractor Caldbeck Construction.

5. A few months after the formation of Caldbeck, Inc., Watson caused said corporation to apply for and procure the fidelity bond upon which recovery is sought herein. (Plaintiff's exhibit 1, dated August 14, 1962.) In late December 1963, Caldbeck advised Watson that Caldbeck Construction could no longer meet its bills and that he was in dire financial condition. Watson then caused Caldbeck, Inc. to cancel existing subcontracts between Caldbeck, Inc. and Caldbeck Construction, and Caldbeck, Inc. took over the task of completing these unfinished contracts. After completing these subcontracts and auditing the books of Caldbeck Construction, Caldbeck, Inc. filed its proof of loss with defendant claiming that Caldbeck, while acting as president of Caldbeck, Inc., "caused disbursements to be made to himself (doing business as Caldbeck Construction Co.) which disbursements were purported to reimburse himself for job costs (on the Wolkoff-Effress building job being built by him under contract with Caldbeck, Inc.) when in fact the job costs had not been paid and the money was actually used by Wendell L. Caldbeck to cover personal and other of his own business expenses."

6. Defendant contends initially that if there were any funds misappropriated by Caldbeck they were misappropriated in his capacity as proprietor of Caldbeck Construction Co., which company was not covered by said bond and in any event, Caldbeck was not a bona fide employee

---

3. The arrangement applied to bonded jobs only. Caldbeck Construction continued to contract unbonded jobs on its own.

4. Campbell and Maddox were co-owners of Allied Construction Service, Inc., a substantial creditor of Caldbeck Construction.

5. Exhibit B-1.

6. In other than cost plus contracts, Caldbeck, Inc. retained three percent of the first contract price. Also, see Par. 3 and n. 3.

of the plaintiff (Caldbeck, Inc.). The pertinent portion of the bond is as follows:

"Definition of Employee

Section 3. As used in this Bond, 'Employee' means any natural person (except a director or trustee of the Insured, if a corporation, who is not also an officer or employee thereof in some other capacity) while in the regular service of the Insured in the ordinary course of the Insured's business during the Bond Period and whom the Insured compensates by salary, wages or commissions and has the right to govern and direct in the performance of such service, but does not mean any broker, factor, commission merchant, consignee, contractor or other agent or representative of the same general character. The words 'while in the regular service of the Insured' shall include the first 30 days thereafter; subject, however, to Sections 12 and 13."

7. After weighing the evidence, the Court finds that plaintiff has failed to establish that Wendell L. Caldbeck was an employee of Caldbeck, Inc., as defined in the bond (exhibit 1). The evidence discloses that at all times material hereto, the real status of Caldbeck was that of an independent contractor. His relationship to Caldbeck, Inc. was at most that of a subcontractor, and as such he was not covered by the fidelity bond in question. The attempt by Watson to qualify Caldbeck as an employee of Caldbeck, Inc. by paying him a nominal salary does not change his essential nature as a mere figurehead president whose real relationship to Caldbeck, Inc. was that of subcontractor.

8. Plaintiff's contention that the term "employee" as used in the bond is ambiguous and that at the time the bond was written the defendant was fully apprised of Caldbeck's position as an offi-cer of Caldbeck, Inc. is without merit. The contract is not ambiguous in specifically excluding a "contractor" [7] which was Caldbeck's true relationship to Caldbeck, Inc. It is clear that Watson secured an advance opinion from representatives of the bonding company that Caldbeck was an employee of Caldbeck, Inc. for purposes of the bond. Without deciding that such an opinion would be binding on the defendant, in view of the clear language of the bond, it must be first observed that Caldbeck's true status with Caldbeck, Inc. was not revealed to these representatives. For instance, Caldbeck was not compensated as president of Caldbeck, Inc. by commissions, as was represented.[8] It was Caldbeck, Inc. who received commissions for using its corporate shell to make the bids for Caldbeck Construction. The contract (exhibit B-1) between Caldbeck, Inc. and Caldbeck Construction, was not disclosed to defendant.

9. The principal disbursements Caldbeck made in behalf of Caldbeck, Inc. were checks to himself doing business as Caldbeck Construction which were contemplated under the agreement between Caldbeck, Inc. and Wendell L. Caldbeck d/b/a Caldbeck Construction Co. (exhibit B-1). To the extent that Caldbeck Construction thereafter failed to disburse properly the funds on bonded projects Caldbeck Construction might be said to be in violation of the agreement between the parties, but Caldbeck Construction was not an employee of Caldbeck, Inc. under the fidelity bond.

10. In view of the Court's finding that at no time material hereto was Caldbeck an employee of Caldbeck, Inc. under the terms of the bond, no useful purpose would be served by discussing other issues raised by the parties.

11. The foregoing shall constitute the Court's finding of facts and conclusions

---

7. Section 3 of the bond specifically excludes a "contractor or other agent or representative of the same general character" (see Par. 6 herein).

9. Exhibit 12 indicates representatives of defendant were informed Caldbeck, as an officer of Caldbeck, Inc., was compensated by commissions.

of law. Judgment will be entered in favor of the defendant, Fidelity and Deposit Company of Maryland at plaintiff's costs. The third party complaint will likewise be dismissed.